**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:22-cr-78 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| GARRIAN KING | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit for the limited purpose of making the necessary factual findings to determine whether a two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1, properly applies to Defendant Garrian King's sentence. (*See* Docs. 119, 120.) The Court held a resentencing hearing on January 30, 2026, and received post-hearing briefings from the parties. (*See* Docs. 135, 136.) For the following reasons, the Court finds that the Government has not carried its burden of showing that Defendant's actions, specifically his removal of the firearm from the scene of the shooting, was purposefully calculated to thwart the investigation of his offense. Therefore, the two-level enhancement does not apply.

## I. BACKGROUND

### A. Procedural History

On March 23, 2023, Defendant pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). His Presentence Investigation Report ("PSR") identified two independent grounds for applying a two-level obstruction-of-justice enhancement under the United States Sentencing Guidelines § 3C1.1: (1) Defendant's removal of the firearm

from the scene of the shooting, and (2) Defendant's false statement to law enforcement during his post-arrest interview that he had sold the gun to another individual. (*See* Doc. 48, at 4; Doc. 66, at 5–12; Doc. 89, at 3.) At sentencing, the Court overruled Defendant's objection to the enhancement (*see* Doc. 84, at 4–5) and sentenced him to 110 months of imprisonment (*see* Doc. 96, at 2; Doc. 97).

On appeal, the Sixth Circuit determined that the Court did not make the necessary factual findings to support application of the enhancement, vacated Defendant's sentence, and remanded to this Court for resentencing. (*See* Doc. 119, at 2–3.) At the January 30, 2026, resentencing hearing, the Government conceded that Defendant's false statements to law enforcement regarding the location of the firearm did not independently justify the obstruction-of-justice enhancement. (*See* Doc. 135, at 3; Doc. 136, at 1 n.1.) However, the Government maintains that removal of the firearm from the scene of the shooting was itself sufficient. (*See generally* Doc. 136.) Accordingly, the Court considers only that remaining ground.

**B. Factual Background**

The following facts are drawn from the PSR, which neither party disputes in any relevant respect. (*See* Doc. 66, ¶¶ 13–37.) Defendant had an acquaintance purchase a firearm for him at a gun show. (*Id.* ¶ 31.) On May 28, 2022, Defendant then purchased this firearm from the acquaintance for $800. (*Id.* ¶ 20.) On June 3, 2022, Defendant asked Rodney Harris to "hold" the firearm for him. (*Id.* ¶ 34.)

On June 5, 2022, at approximately 2:07 a.m., Defendant and Rodney Harris arrived outside Mary's Lounge, located at 2125 McCallie Avenue, Chattanooga, Tennessee, 37404, where a large group had gathered. (*Id.* ¶¶ 16–17, 25–26). Soon after, authorities responded to a mass-shooting event at that location. (*Id.* ¶ 14.)

Video footage depicts Harris carrying a firearm and walking towards the crowd of people just before the shooting occurred. (*Id.* ¶16–17.) After the shooting, Harris was found laying in the street, but the firearm was gone. (*Id.* ¶ 18.) Video footage depicts Defendant carrying the firearm while walking away from the scene, entering a vehicle, and driving away. (*Id.* ¶ 19.) On June 7, 2022, authorities located the vehicle parked at one of Defendant's residences. (*Id.* ¶ 20.) Defendant was present at the residence and, in an interview, admitted that he had previously purchased the firearm Harris was seen carrying and, after the shooting occurred, picked it up and fled the scene. (*Id.*)

On June 14, 2022, Defendant was indicted in the Eastern District of Tennessee. (Doc. 12, at 1.) The indictment charged that, on or about June 5, 2022, the day of the shooting, Defendant knowingly possessed a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (*Id.*)

## II. STANDARD OF LAW

U.S.S.G. § 3C1.1 provides a two-level sentence enhancement if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

The official commentary explains that the adjustment applies if the conduct: "(A) occurred with respect to the investigation, prosecution, or sentencing of the defendant's instant offense of conviction, and (B) related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) an otherwise closely related case, such as that of a co-defendant." *Id.* at cmt. n.1. However, "conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." *Id.*

Defendant's underlying crime is a violation of 18 U.S.C. § 922(g)(1), which makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. "Evidence of constructive possession suffices to satisfy the requirement under § 922(g)(1) of proof that a defendant possessed a firearm." *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998) (citing *United States v. Moreno,* 933 F.2d 362, 373 (6th Cir.1991)). "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id*. (quoting *United States v. Craven,* 478 F.2d 1329, 1333 (6th Cir. 1973)). Both types of possession can be established through either direct or circumstantial evidence. *United States v. Fairley*, 137 F.4th 503, 512 (6th Cir. 2025), *cert. denied*, 146 S. Ct. 166 (2025).

## III. ANALYSIS

The Indictment charges Defendant with violating 18 U.S.C. § 922(g)(1) on June 5, 2022. (Doc. 12, at 1.) It makes no allegations regarding any dates prior to that. (*Id.*) Similarly, the plea agreement stipulates that "[t]he Defendant admits that on June 5, 2022, as charged in the Indictment, he possessed a firearm . . . ." (Doc. 48, at 5.) The factual basis in the plea agreement contains only one reference to prior possession. (Doc 48 at 4 ("The Defendant admitted that he bought the rifle on May 28, 2022, for $800.").) However, his possession before June 5, 2022, is not charged in the indictment or otherwise referenced in the plea agreement. As a result, Defendant did not plead guilty under § 922(g) for any possession that occurred prior to June 5, 2022.

Defendant first argues that the obstruction-of-justice enhancement should not apply because "his conduct 'occurred prior to the start of the investigation of the offense of

conviction.'" (Doc. 135, at 3 (quoting U.S.S.G. § 3C1.1 cmt. 1).) Defendant concedes that the police were likely already on the way when Defendant picked up the gun but contends that the investigation and response was to the shooting, "not an investigation of the instant offense of conviction." (Doc. 135, at 3.) Defendant argues the latter would be "inconceivable" because "the [police] could not have yet known it was committed." (*Id.*) The Government contends that an investigation was ongoing because the Guidelines do not distinguish between federal and state investigations, and thus "[a] parallel state investigation qualifies." (Doc. 136, at 3 n.2 (citing *United States v. Vysniauskas*, 593 F. App'x 518, 532–33 (6th Cir. 2015).)

In this case, the State's investigation does not provide any basis for applying the obstruction-of-justice enhancement. A state investigation can only provide the basis for applying the enhancement when "the state investigation arose out of exactly the same offense that the federal charges were ultimately based on." *Vysniauskas*, 593 F. App'x at 532. Here, the State investigation pertained to the shooting, not the "same offense" of being a felon in possession of a firearm. Thus, the state and federal investigations did not arise out of the same offense and does not "qualify" as an ongoing investigation for purposes of the enhancement.

Next, Defendant argues that nothing "support[s] the conclusion that anything in [Defendant's] behavior was 'purposefully calculated'" to thwart the investigation of the offense. (Doc. 135, at 3–4.) He further argues that his actions axiomatically could not have been calculated to thwart the investigation of the offense, "because without said actions, there would be no crime to investigate." (*Id.* at 4.) That is, if Defendant had not picked up the firearm after the shooting, he could not have been charged with being a felon in possession of a firearm on June 5, 2022.

In response, the Government argues that, since Defendant owned the gun, it was in his

"constructive possession" during the entire event, even if it was in Harris's "actual possession." (Doc. 136, at 4, 4 n.3.) But even if the firearm was in Defendant's constructive possession, the conduct that the Government points to as obstructive did not occur until Defendant repossessed the firearm and fled the scene.

According to the Government, "[t]here is no other explanation for King removing the firearm than to conceal it in an effort to 'thwart the eventual investigation into his unlawful actions.'" (*Id.*) But the term "unlawful action" is too broad here to sustain the Government's burden. The most commonsense reading is that Defendant's actions were in furtherance of thwarting an investigation into the shooting rather than avoiding a charge of violating his conditions of parole. And the statute clearly states that the conduct must have been "purposefully calculated, and likely, to thwart the investigation or prosecution of the *offense of conviction*." U.S.S.G. § 3C1.1 cmt. 1 (emphasis added). The Government has not shown that Defendant's conduct obstructed an ongoing investigation into Defendant being a felon in possession of a firearm, nor has it shown that the enhancement was applied based on conduct that was purposely calculated to thwart an investigation into the underlying federal charge.

## IV. CONCLUSION

For the foregoing reasons, the two-level enhancement should not have been applied. Accordingly, Defendant requires resentencing to properly account for his change in Guidelines. Defendant Garrian King's resentencing hearing is hereby **RESET** for **December 4, 2026, at 9:00 a.m. EST** in Chattanooga, Tennessee in Courtroom 3**.** The Court hereby **ORDERS** that the United States Marshal, or his authorized deputy, transport Defendant from his place of incarceration to Chattanooga, Tennessee, allowing sufficient time for Defendant to be available to meet with his attorney before the hearing.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**